# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNIE HERNANDEZ, III,<br><br>  Plaintiff,<br><br>  v.<br><br>A. HOLT, et al.,<br><br>  Defendants. | Case No. 1:20-cv-01127-AWI-SAB<br><br>SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE AMENDED COMPLAINT<br><br>(ECF No. 1)<br><br>THIRTY DAY DEADLINE |

Ernie Hernandez, III ("Plaintiff"), a state prisoner, is appearing pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Currently before the Court is Plaintiff's complaint, filed on August 13, 2020. (ECF No. 1.)

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

1

conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor.  Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## ALLEGATIONS IN COMPLAINT

The Court accepts Plaintiff's allegations in the complaint as true only for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915.

Plaintiff brings this action against Officer A. Holt, Corporal J. Dominguez, an unidentified Sergeant ("Doe"), and District Attorney Leah Alvarez in their official and individual capacities alleging violations of the Fourth, Fifth, and Fourteenth Amendments.  He is seeking monetary damages.

Plaintiff alleges that on April 10, 2019, Defendants Holt and Dominguez manufactured evidence which caused him to be held in custody for 180 days until he was acquitted. (Compl. 3,[1] ECF No. 1.)  Plaintiff contends that the officers wrote fraudulent police reports, provided false statements in their reports, and conspired with Defendant Doe who reviewed their police reports, to charge him with violations of California Penal Code sections 466 and 496(d) and

---

[1] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

2

1  California Vehicle Code sections 10851(a) and 2800.4.  (Id.)  Plaintiff contends that exculpatory
2  evidence contained within body cam footage was withheld from their reports.  (Id.)  The body
3  cam footage included the officers doubt which was not included in the reports.  (Id.)  Plaintiff
4  contends this deprived him of his right to due process and led to a criminal complaint and
5  wrongful incarceration.  (Id.)

6  Defendants Holt and Dominguez travelled to Strathmore, another city which is five to
7  seven minutes away and under the jurisdiction of the Sheriff's Department, to prosecute Plaintiff.
8  (Id. at 4.)  Defendants Holt and Dominguez drove their individual department vehicles and did
9  not know the individual who was alleged to be Plaintiff.  (Id.)  They provided false police reports
10 by writing that they could positively identify Plaintiff when their body cam clearly revealed their
11 doubt which was "clipped" in trial to cover up the doubt.  (Id.)  Due to the false allegations in the
12 reports, Plaintiff believed he would face an additional 20 years and spent 180 days in jail.  (Id.)
13 Defendant Alvarez knowingly showed tampered evidence, the "clipped" body cam video, to the
14 jury in prosecuting Plaintiff for extortion.  (Id.)

15 Defendants Holt, Dominguez, and Doe had more than a metaphysical doubt as to the
16 material facts.  (Id. at 5.)  The Porterville Police Department is under scrutiny for their pattern of
17 misconduct.  (Id.)  Officers Holt and Dominguez provided perjured testimony at trial and
18 encouraged Defendant Alvarez to prosecute Plaintiff.  (Id.)  Plaintiff was badgered through
19 social media outlets such as Facebook.  (Id.)

20 Around April 10, 2019, the Porterville Police Department utilized several newspaper
21 publications and media platforms along with the Tulare County Sheriff's Office and department
22 personal to slander Plaintiff such that the fraudulent, fabricated crimes and outstanding warrants
23 spread throughout Tulare County and the surrounding counties.  (Id. at 8.)  The publications
24 ranged from Facebook to the Visalia Times Delta, Porterville Recorder, Instagram, etc.  (Id.)

25 During Plaintiff's jury trial, from October 1st through 14th, 2019, Defendant Alvarez
26 attempted to incarcerate Plaintiff for longer periods of time.  She presented the "clipped" video
27 footage which showed that Defendants Holt and Dominguez were not 100 percent certain that it
28 was Plaintiff who had committed the crimes in the hope that he would be given twenty seven

1 years of incarceration. (Id. at 9.)

2 For the reasons discussed below, Plaintiff has failed to state a cognizable claim against any named defendant. Plaintiff shall be provided with the legal standards that apply to his claims and shall be granted leave to file an amended complaint.

## III.

## DISCUSSION

Plaintiff's complaint is largely composed of conclusory allegations of misconduct and threadbare recitals of elements of the causes of action that are not entitled to the presumption of truth. Iqbal, 556 U.S. at 678. "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557). Therefore, the complaint must contain sufficient factual content for the court to draw the reasonable conclusion that the defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678.

Here, it appears that the basis of Plaintiff's complaint is that the officers who arrested him expressed some doubt about the crime for which he was being arrested and that discussion was "clipped" from the body cam footage. Although Plaintiff also contrarily alleges that the video containing the "clipped" footage which showed that the officers were not one hundred percent certain was shown at trial. Additionally, it would also appear from the allegations in the complaint that Plaintiff was convicted on some of the charges brought against him. Notably, Plaintiff alleges that due to the allegations in the report he believed he would be incarcerated for an additional twenty years. (Compl. at 4.) The prosecutor presented the "clipped" video footage which showed that Defendants Holt and Dominguez were not 100 percent certain that it was Plaintiff who had committed the crimes in the hope that he would be given twenty seven years of incarceration. (Id. at 9.) Plaintiff is currently in custody after the jury returned a guilty verdict on some of the charges during the trial.[2]

---

[2] The Court takes judicial notice of records of the Tulare County Superior Court, People v. Ernie Hernandez III, Case No. PCF373627 (filed April 17, 2019). Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001). On October 7, 2019, the jury returned a guilty verdict for violation of Vehicle Code section 2800.2(a) and three counts of violation of Penal Code section 1320(b).

4

### A. Section 1983

Section 1983 provides a cause of action for the violation of a plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones, 297 F.3d at 934. There is no *respondeat superior* liability under section 1983, and therefore, each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. 662, 677 (2009). To state a claim under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934.

### B. Official Capacity Claims

Plaintiff brings this action against the defendants in their official capacity seeking monetary damages. "The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007). The Eleventh Amendment does not bar claims for prospective injunctive relief against an officer of the state who acts in his official capacity. Flint v. Dennison, 488 F.3d 816, 825 (9th Cir. 2007); Cerrato v. San Francisco Cmty. Coll. Dist., 26 F.3d 968, 973 (9th Cir. 1994). Plaintiff cannot receive monetary damages against any defendant for actions taken in their official capacity.

Further, a suit brought against government officials in their official capacity is generally equivalent to a suit against the government itself. McRorie v. Shimoda, 795 F.2d 780, 783 (9th Cir. 1986). Therefore, officials may be held liable where a "'policy or custom' . . . played a part in the violation of federal law." McRorie, 795 F.2d at 783 (quoting Kentucky v. Graham, 473 U.S. 159, 166 (1985); Hafer v. Melo, 502 U.S. 21, 25 (1991). The official may be liable where the act or failure to respond reflects a conscious or deliberate choice to follow a course of action when various alternatives were available. Clement v. Gomez, 298 F.3d 898, 905 (9th Cir. 2002) (quoting City of Canton v. Harris, 489 U.S. 378, 389 (1989). Plaintiff has failed to allege that the defendants were acting pursuant to a custom or policy and has failed to state a claim against

5

any named defendant in his or her official capacity.

### C. Fourth Amendment

Plaintiff's fifth cause of action alleges wrongful and false imprisonment and arrest. The Fourth Amendment provides that 'the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated. U.S. Const. amend. IV. "[T]he Fourth Amendment is enforceable against the States through the Fourteenth Amendment." Camara v. Mun. Court of City & Cty. of San Francisco, 387 U.S. 523, 528 (1967). "To establish a viable Fourth Amendment claim, a plaintiff must show not only that there was a search and seizure as contemplated by the Fourth Amendment, but also that said search and seizure was unreasonable and conducted without consent." Rakas v. Illinois, 439 U.S. 128, 143 (1978); United States v. Rubio, 727 F.2d 786, 796–97 (9th Cir. 1983).

Under the Fourth Amendment, a law enforcement officer can make an arrest without a warrant where there is probable cause. United States v. Lopez, 482 F.3d 1067, 1072 (9th Cir. 2007). "Probable cause to arrest exists when officers have knowledge or reasonably trustworthy information sufficient to lead a person of reasonable caution to believe that an offense has been or is being committed by the person being arrested." Rodis v. City, Cty. of San Francisco, 558 F.3d 964, 969 (9th Cir. 2009) (citing Lopez, 482 F.3d at 1072 and Beck v. Ohio, 379 U.S. 89, 91 (1964)). The Ninth Circuit has defined probable cause as "under the totality of circumstances known to the arresting officers, a prudent person would have concluded that there was a fair probability that [the defendant] had committed a crime." Lopez, 482 F.3d at 1072 (quoting United States v. Smith, 790 F.2d 789, 792 (9th Cir. 1986)). "The probable-cause standard is incapable of precise definition or quantification into percentages because it deals with probabilities and depends on the totality of the circumstances." Rodis, 558 F.3d at 969 (quoting Maryland v. Pringle, 540 U.S. 366, 371 (2003)). "[P]robable cause is a fluid concept-turning on the assessment of probabilities in particular factual contexts-not readily, or even usefully, reduced to a neat set of legal rules." Rodis, 558 F.3d at 969 (quoting Illinois v. Gates, 462 U.S. 213, 232 (1983)).

Further, the subjective intent of the arresting officers is immaterial in judging whether

their actions were reasonable for Fourth Amendment purposes. Lopez, 482 F.3d at 1072. The officer's "subjective reason for making the arrest need not be the criminal offense as to which the known facts provide probable cause." Id. (quoting Devenpeck v. Alford, 543 U.S. 146, 153 (2004)). In some cases, there may be probable cause that would justify an arrest, but additional information obtained at the scene could indicate that there is less than a fair probability that the defendant has committed or is committing a crime. Lopez, 482 F.3d at 1073.

Here, Plaintiff alleges that he was arrested with an illegally issued warrant. (Compl. at 7.) The complaint is devoid of any facts by which the Court could reasonably infer that the warrant was illegally issued. Officers who have conducted a search or arrest pursuant to a facially valid search warrant and reasonably relied on that warrant are entitled to qualified immunity. Vandenburg v. Cty. of Riverside, 722 F. App'x 657, 659 (9th Cir. 2018); see also Los Angeles Cty. v. Rettele, 550 U.S. 609, 616 (2007) (The Fourth Amendment is not violated when officers execute a valid warrant and act in a reasonable manner to protect themselves from harm); Michigan v. Summers, 452 U.S. 692, 703–05 (1981) (Where "a judicial officer has determined that police have probable cause to believe that someone in the home is committing a crime" it is constitutionally reasonable to require him to open the doors of his home to allow the officers inside.).

Plaintiff's allegation that Defendants Holt and Dominguez expressed some doubt or had more than a metaphysical doubt regarding some elements of the offense is insufficient to state a claim. Generally, "an officer need not have probable cause for every element of the offense." Lopez, 482 F.3d at 1072 (quoting Gasho v. United States, 39 F.3d 1420, 1428 (9th Cir. 1994)). Further, the Fourth Amendment is not violated by an arrest where there is probable cause to arrest for a different offense. Lopez, 482 F.3d at 1076. Plaintiff has failed to allege sufficient facts for the Court to reasonably infer that he was seized in violation of the Fourth Amendment.

**D.     Fifth Amendment**

Plaintiff alleges violations of the Fifth Amendment. "[T]he Fifth Amendment's due process clause applies only to the federal government." Bingue v. Prunchak, 512 F.3d 1169, 1174 (9th Cir. 2008). Since all Defendants in this action are state or municipal employees the

1  Fifth Amendment does not apply.

2      **E.**    **Due Process**

3      Plaintiff contends that right to due process was violated by Defendants Holt and Dominguez filing a false police report and Defendant Doe's review of the manufactured evidence and the withholding of the body cam footage showing that the officers had doubts which was not recorded in their reports.

    "The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." Wilkinson v. Austin, 545 U.S. 209, 221 (2005). The due process clause of the Fourteenth Amendment protects two distinct but related rights: procedural due process and substantive due process. Albright v. Oliver, 510 U.S. 266, 272 (1994).

    The substantive protections of the due process clause bar certain governmental actions regardless of the fairness of the procedures that are used to implement them. Cty. of Sacramento v. Lewis, 523 U.S. 833, 840 (1998). Therefore, the substantive protections of the due process clause are intended to prevent government officials from abusing their power or employing it as an instrument of oppression. Lewis, 523 U.S. at 846. The Supreme Court has held that "the substantive component of the Due Process Clause is violated by executive action only when it 'can properly be characterized as arbitrary, or conscience shocking, in a constitutional sense.'" Id. at 847. "[O]nly the most egregious official conduct can be said to be arbitrary in a constitutional sense." Brittain v. Hansen, 451 F.3d 982, 990 (9th Cir. 2006) (quoting Lewis, 523 U.S. at 846).

    Plaintiff's first cause of action alleges that his due process rights were violated by the submission of the false police reports which did not include the information that the officers had doubt which resulted in a criminal complaint being filed and Plaintiff being wrongfully incarcerated. To the extent that Plaintiff is seeking to base his claim on the submission of false police reports, the Due Process Clause itself does not contain any language that grants a broad right to be free from false accusations, but guarantees certain procedural protections to defend against false accusations. Freeman v. Rideout, 808 F.2d 949, 951 (2nd Cir. 1986). Plaintiff's

first cause of action alleging that the police reports were false fails to state a cognizable claim for violation of the Due Process Clause.

In order to state a cause of action for a deprivation of due process, a plaintiff must first identify a life, liberty, or property interest for which the protection is sought. Wilkinson, 545 U.S. at 221; Brittain, 451 F.3d at 991. Here, Plaintiff is arguing that he was deprived of his freedom for 180 days, which is sufficient to allege a protected interest. But it is also apparent that Plaintiff received due process. He was changed with a criminal complaint and the charges were ultimately tried by jury.

1.   Tampering with Evidence

Plaintiff's seventh cause of action alleges tampering with evidence. Plaintiff contends that Defendant Alvarez knowingly used the "clipped" video footage during trial to gain an unjust conviction. "[T]here is a clearly established constitutional due process right not to be subjected to criminal charges on the basis of false evidence that was deliberately fabricated by the government." Devereaux v. Abbey, 263 F.3d 1070, 1074–75 (9th Cir. 2001). To state a claim for fabrication of evidence, at a minimum the plaintiff must allege "at least one of the following two propositions: (1) Defendants continued their investigation of [the plaintiff] despite the fact that they knew or should have known that he was innocent; or (2) Defendants used investigative techniques that were so coercive and abusive that they knew or should have known that those techniques would yield false information." Devereaux, 263 F.3d at 1076.

Here, Plaintiff has not alleged that any evidence was fabricated against him. The substance of Plaintiff's tampering claim is unclear. It would appear that the substance of Plaintiff's claim is that the officers expressed some type of doubt during his arrest and did not record such in their police reports. While Plaintiff alleges that there was a "clipped" video cam recording, he also alleges that the video was played at trial and it apparently included the evidence that he contends was clipped from the recording.

In this instance, Plaintiff appears to be asserting a claim that potentially exculpatory evidence, the video tape in which the officers expressed doubt, was not disclosed. Under Brady v. Maryland, 373 U.S. 83 (1963), both prosecutors and police investigators are required to

disclose exculpatory evidence to criminal defendants. To state a Brady claim, "the plaintiff must allege that (1) the withheld evidence was favorable either because it was exculpatory or could be used to impeach, (2) the evidence was suppressed by the government, and (3) the nondisclosure prejudiced the plaintiff." Smith v. Almada, 640 F.3d 931, 939 (9th Cir. 2011). In addressing the prejudice prong, "the Supreme Court has stated that 'strictly speaking, there is never a real 'Brady violation' unless the nondisclosure was so serious that there is a reasonable probability that the suppressed evidence would have produced a different verdict.' " Smith, 640 F.3d at 939 (quoting Strickler v. Greene, 527 U.S. 263, 281 (1999)).

Here, it is not clearly alleged that any material exculpatory evidence was withheld. Even assuming that Plaintiff had alleged that evidence of the officers' doubt was withheld, the evidence was presented at trial and the jury found Plaintiff not guilty on the charges. Therefore there is not a reasonably possibility that the suppressed evidence would have produced a different verdict. Plaintiff has failed to state a Brady claim.

    2.    Defamation

Plaintiff's sixth cause of action alleges defamation. In Paul v. Davis, the Supreme Court rejected the argument that the Due Process Clause protected the reputation of an individual. 424 U.S. 693, 706 (1976) ("the Court has never held that the mere defamation of an individual, whether by branding him disloyal or otherwise, was sufficient to invoke the guarantees of procedural due process absent an accompanying loss of government employment"). "Rather his interest in reputation is simply one of a number which the State may protect against injury by virtue of its tort law, providing a forum for vindication of those interests by means of damages actions." Paul, 424 U.S at 712. Absent a change in status, "any harm or injury to that interest . . . . inflicted by an officer of the State, does not result in a deprivation of any 'liberty' or 'property' recognized by state or federal law." Id.

"[T]here is no constitutional protection for the interest in reputation." WMX Techs., Inc. v. Miller, 197 F.3d 367, 373 (9th Cir. 1999). To state a claim under § 1983, the plaintiff "must show that the stigma was accompanied by some additional deprivation of liberty or property." Miller v. California, 355 F.3d 1172, 1178 (9th Cir. 2004). Courts refer to this as the "stigma-

1 plus" test. Under the "stigma-plus" test, Plaintiffs must allege a loss of a recognizable property
2 or liberty interest in conjunction with the allegation that they suffered injury to reputation.
3 Miller, 355 F.3d at 1179; Cooper v. Dupnik, 924 F.2d 1520, 1532 (9th Cir. 1991), rev'd on other
4 grounds, 963 F.2d 1220, 1235 n.6 (9th Cir. 1992)). Additionally, the "stigma-plus" test requires
5 that the defamation be accompanied by an injury directly caused by the state, rather than an
6 injury caused by the act of some third party in reaction to the State's defamatory statements.
7 Mazzeo v. Gibbons, 649 F.Supp.2d 1182, 1197 (D. Nev. 2009); Douglas v. Oregonian Pub. Co.,
8 465 F. App'x 714, 715 (9th Cir. 2012) (unpublished); Ooley v. Citrus Heights Police Dep't, 603
9 F. App'x 628, 629 (9th Cir. 2015) (unpublished). Under the test, a plaintiff must either show that
10 "injury to reputation was inflicted in connection with a federally protected right" or that "injury
11 to reputation caused the denial of a federally protected right." Herb Hallman Chevrolet, Inc. v.
12 Nash–Holmes, 169 F.3d 636, 645 (9th Cir. 1999).

13 "In order to state a due process claim, [the plaintiff] must allege that the defendants'
14 statements were substantially false." Campanelli v. Bockrath, 100 F.3d 1476, 1484 (9th Cir.
15 1996). Here, Plaintiff alleges injury to reputation but he fails to identify any false statements
16 made by the named defendants. While Plaintiff alleges that Defendants Holt and Dominguez
17 expressed some doubt about elements some of the crimes for which he was arrested and charged,
18 his defamation claim is based on statements of fabricated crimes made by the Porterville Police
19 Department, the Tulare County Sheriff's Office, and department personnel. Plaintiff has failed
20 to identify any false statement that was made to the public by any named defendant or to link the
21 named defendants to any statement that was made to the public. Plaintiff has failed to state a
22 plausible claim for defamation in violation of the Fourteenth Amendment.

23 **F.     Conspiracy**

24 Plaintiff's second cause of action alleges a conspiracy between Defendants Holt,
25 Dominguez and Doe. In the context of conspiracy claims brought pursuant to section 1983, a
26 complaint must "allege [some] facts to support the existence of a conspiracy among the
27 defendants." Buckey v. County of Los Angeles, 968 F.2d 791, 794 (9th Cir. 1992); Karim-
28 Panahi v. Los Angeles Police Department, 839 F.2d 621, 626 (9th Cir. 1988). Plaintiff must

11

allege that defendants conspired or acted jointly in concert and that some overt act was done in furtherance of the conspiracy. Sykes v. California, 497 F.2d 197, 200 (9th Cir. 1974).

A conspiracy claim brought under section 1983 requires proof of "an agreement or meeting of the minds to violate constitutional rights," Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001) (quoting United Steel Workers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1540-41 (9th Cir. 1989) (citation omitted)), and an actual deprivation of constitutional right, Hart v. Parks, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting Woodrum v. Woodward County, Oklahoma, 866 F.2d 1121, 1126 (9th Cir. 1989)). "To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy." Franklin, 312 F.3d at 441 (quoting United Steel Workers, 865 F.2d at 1541).

Plaintiff has not alleged any facts supporting the existence of a conspiracy between Defendants. While Plaintiff alleges that Defendants Holt and Dominguez drove their individual department vehicles to Strathmore not knowing who Plaintiff was, and that their reports did not include their doubt, this is insufficient for the Court to infer there was a meeting of the minds to violate Plaintiff's constitutional rights. Further, in order to state a cognizable claim for relief for conspiracy, Plaintiff must establish that Defendants conspired to violate an underlying constitutional right. Plaintiff has not alleged facts demonstrating that Defendants violated his constitutional rights. Plaintiff's second cause of action for conspiracy fails to state a plausible claim for relief.

### G. Malicious Prosecution

Plaintiff's third cause of action alleges a claim for malicious prosecution. A claim for malicious prosecution or abuse of process is not generally cognizable under Section 1983 if a process is available within the state judicial system to provide a remedy. Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987) (citations omitted). The exception is "when a malicious prosecution is conducted with the intent to deprive a person of equal protection of the laws or is otherwise intended to subject a person to denial of constitutional rights." Id. (citations omitted). In order to prevail on a Section 1983 claim of malicious prosecution, a plaintiff "must show that the defendants prosecuted [him] with malice and without probable cause, and that they

1  did so for the purpose of denying [him] equal protection or another specific constitutional right."
2  Freeman v. City of Santa Ana, 68 F.3d 1180, 1189 (9th Cir. 1995) (citations omitted); see also
3  Awabdy v. City of Adelanto, 368 F.3d 1062, 1066 (9th Cir. 2004); Lacey v. Maricopa County,
4  693 F.3d 896, 919 (9th Cir. 2012).  A malicious prosecution claim may be brought against
5  prosecutors or against the individuals who wrongfully caused the prosecution.  Smith, 640 F.3d
6  at 938.  Probable cause is an absolute defense to malicious prosecution.  Lassiter v. City of
7  Bremerton, 556 F.3d 1049, 1054 (9th Cir. 2009).

8  In order to state a malicious prosecution claim, Plaintiff must show that the prior
9  proceeding was commenced by or at the direction of the defendant and it was 1) pursued to a
10 legal termination favorable to plaintiff; 2) brought without probable cause; and 3) initiated with
11 malice.  Ayala v. Environmental Health, 426 F.Supp.2d 1070, 1083 (E.D. Cal. 2006).  For the
12 termination be considered "favorable" to the malicious prosecution plaintiff, it must be reflective
13 of the merits of the action and of the plaintiff's innocence of the charges.  Villa v. Cole, 4
14 Cal.App.4th 1327, 1335 (1992).

15 "The 'malice' element of the malicious prosecution tort relates to the subjective intent or
16 purpose with which the defendant acted in initiating the prior action. . . ."  Estate of Tucker ex
17 rel. Tucker v. Interscope Records, Inc., 515 F.3d 1019, 1030 (9th Cir. 2008) (quoting Sheldon
18 Appel Co. v. Albert & Oliker, 765 P.2d 498, 503 (1989)).  "The California Court of Appeal has
19 emphasized that where malice must be shown, only 'other, additional evidence" apart from a
20 lack of probable cause, is sufficient.' "  Estate of Tucker ex rel. Tucker, 515 F.3d at 1032 (9th
21 Cir. 2008) (quoting Swat–Fame, Inc. v. Goldstein, 101 Cal.App.4th 613, 634 (2002).  Although
22 Plaintiff alleges that the defendants "clipped" video from body cam footage, there are no facts
23 alleged in the complaint by which the Court could reasonably infer that any defendant prosecuted
24 Plaintiff with malice or without probable cause.

25 Further, Plaintiff has not alleged sufficient facts to state a claim for a violation of his
26 federal rights.  Plaintiff alleges that the prosecutor was aware of exonerating evidence,
27 supposedly this clipped footage, and chose to go forward with the prosecution in an attempt to
28 convict him.  But he fails to allege any facts to allege how Defendant Alvarez was aware of any

potentially exonerating information and his conclusory allegations of knowledge are insufficient to state a plausible claim.

Finally, although Plaintiff alleges that he was found not guilty of certain charges, it appears from complaint and the records of the Tulare Superior Court that he was charged with multiple offenses and was convicted on some of those offenses during the October 2019 trial and still remains in custody on those convictions. Plaintiff has failed to state a cognizable claim for malicious prosecution.

### H.     Abuse of Power and Process

Plaintiff's fourth cause of action alleges abuse of process. Courts find that, to the extent that an abuse of process claim under section 1983 would exist, it would be governed by state law. Cook v. Sheldon, 41 F.3d 73, 80 (2d Cir. 1994); Hart v. Mannina, 798 F.3d 578, 593 (7th Cir. 2015) Erikson v. Pawnee Cty. Bd. of Cty. Comm'rs, 263 F.3d 1151, 1155 n.5 (10th Cir. 2001). The essence of an abuse of process claim is "misuse of the power of the court; it is an act done in the name of the court and under its authority for the purpose of perpetrating an injustice." Rusheen v. Cohen, 37 Cal.4th 1048, 1057 (2006). To prevail on an abuse of process claim under California law, "a litigant must establish that the defendant (1) contemplated an ulterior motive in using the process, and (2) committed a willful act in the use of the process not proper in the regular conduct of the proceedings." Rusheen, 37 Cal.4th at 1057.

The Second Circuit has held that "[i]n order to state a [§ 1983] claim for abuse of process, a plaintiff must establish that the defendants had an improper purpose in instigating the action . . . [and] that they aimed to achieve a collateral purpose beyond or in addition to his criminal prosecution." Morales v. City of New York, 752 F.3d 234, 238 (2nd Cir. 2014) (quoting Savino v. City of New York, 331 F.3d 63, 77 (2d Cir. 2003). To the extent that an abuse of process claim would exist under section 1983, the plaintiff must allege facts to assert a constitutional violation. Alvarez Castro v. Negron, 475 F.Supp.2d 147, 152 (D.P.R. 2007).

Plaintiff has not alleged any facts that the defendants acted to achieve a collateral purpose beyond or in addition to his criminal prosecution. Plaintiff has also failed to allege facts to assert a constitutional violation and has failed to state a cognizable claim for abuse of process.

**I.    Prosecutorial Immunity**

Finally, Plaintiff brings this action against Defendant Alvarez for instituting and prosecuting the charges against him. Prosecutors are absolutely immune from liability under 42 U.S.C. § 1983 for in initiating a prosecution and in presenting the State's case. See Imbler v. Pactman, 424 U.S. 409, 431 (1976); see also Olsen v. Idaho State Bd. of Med., 363 F.3d 916, 922 (9th Cir. 2004) ("Absolute immunity is generally accorded to judges and prosecutors functioning in their official capacities"); Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986) (holding that judges and prosecutors are immune from liability for damages under section 1983). Where a prosecutor acts within her authority " 'in initiating a prosecution and in presenting the state's case,' absolute immunity applies." Ashelman, 793 F.2d at 1076 (quoting Imbler, 424 U.S. at 431); Botello v. Gammick, 413 F.3d 971, 975 (9th Cir. 2005) ("Prosecutors are absolutely immune from liability under § 1983 for their conduct insofar as it is 'intimately associated' with the judicial phase of the criminal process.")

**IV.**

**CONCLUSION AND ORDER**

For the reasons discussed, Plaintiff has failed to state a cognizable claim that any named defendant violated his federal rights. Plaintiff shall be granted leave to file an amended complaint to cure the deficiencies identified in this order. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted). Further, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey, 693 F.3d at 927. Therefore, Plaintiff's amended complaint must be "complete in itself

without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

2. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend to the district judge that this action be dismissed consistent with the reasons stated in this order.

IT IS SO ORDERED.

Dated:   **August 24, 2020**

UNITED STATES MAGISTRATE JUDGE