1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9
10

EASTERN DISTRICT OF CALIFORNIA

11

ERNIE HERNANDEZ, III,

12

Plaintiff,

13

v.

14

A. HOLT, et al.,

15

Defendants.

Case No.  1:20-cv-01127-AWI-SAB

FINDINGS AND RECOMMENDATIONS
RECOMMENDING DISMISSING FIRST
AMENDED COMPLAINT WITHOUT
LEAVE TO AMEND FOR FAILURE TO
STATE CLAIM AND DISMISSING
ACTION

(ECF No. 21)

16
17

OBJECTIONS DUE WITHIN THIRTY
DAYS

18
19        Ernie Hernandez, III ("Plaintiff"), a state prisoner, is appearing pro se and *in forma*
20  *pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed his complaint in
21  this action on August 13, 2020 and the matter was referred to a magistrate judge pursuant to 28
22  U.S.C. § 636(b)(1)(B) and Local Rule 302.
23        A screening order was filed on August 24, 2020, finding that Plaintiff had failed to state a
24  cognizable claim and granting leave to file an amended complaint within thirty days.  (ECF No.
25  7.)   On September 18, 2020, Plaintiff was granted an extension of time to file his amended
26  complaint.  (ECF No. 10.)   Plaintiff filed a notice of change of address on October 9, 2020.
27  (ECF No. 11.)   The order granting the extension of time was re-served at Plaintiff's new address
28  on October 14, 2020, and Plaintiff was ordered to file an amended complaint on or before

1

1  November 13, 2020.  (ECF No. 12.)  On October 19, 2020, Plaintiff filed a motion for an

2  extension of time that was denied as moot.  (ECF Nos. 13, 14.)  On November 11, 2020, Plaintiff

3  filed an unsigned motion for an extension of time that was stricken from the record.  (ECF Nos.

4  15, 16.)  In the order striking the motion, Plaintiff was ordered to file his amended complaint

5  within thirty days.  (ECF No. 16.)  On December 14, 2020, Plaintiff was granted an extension of

6  thirty days to file an amended complaint.  (ECF Nos. 17, 18.)  On January 14, 2021, Plaintiff

7  filed a motion for an extension of time to file an amended complaint.  (ECF No. 19.)  On January

8  15, 2021, Plaintiff's request for an extension of time was granted one final time and Plaintiff was

9  provided with a copy of the August 24, 2020 screening order.  (ECF No. 20.)  Plaintiff was

10  ordered to file an amended complaint within thirty days.  (Id.)

11       Currently before the Court is Plaintiff's first amended complaint, filed February 26, 2021.

12  (ECF No. 21.)

13                                          **I.**

14                            **SCREENING REQUIREMENT**

15       The Court is required to screen complaints brought by prisoners seeking relief against a

16  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

17  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

18  legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or

19  that "seek[] monetary relief against a defendant who is immune from such relief."  28 U.S.C. §

20  1915(e)(2)(B).

21       A complaint must contain "a short and plain statement of the claim showing that the

22  pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

23  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

24  conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell

25  Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Moreover, Plaintiff must demonstrate

26  that each defendant personally participated in the deprivation of Plaintiff's rights.  Jones v.

27  Williams, 297 F.3d 930, 934 (9th Cir. 2002).

28  / / /

1      Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings

2   liberally construed and to have any doubt resolved in their favor.  Wilhelm v. Rotman, 680 F.3d

3   1113, 1121 (9th Cir. 2012) (citations omitted).  To survive screening, Plaintiff's claims must be

4   facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer

5   that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678-79; Moss

6   v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The "sheer possibility that a defendant

7   has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's

8   liability" falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678; Moss, 572

9   F.3d at 969.

10                                          **II.**

11                                      **DISCUSSION**

12      Plaintiff brings this action against Officer A. Holt, Corporal J. Dominguez, Sgt. Ward,

13   and District Attorney Leah Alvarez.  Plaintiff has filed a complaint alleging cruel and unusual

14   punishment and state claims for defamation of character, loss of familial ties, wrongful

15   incarceration, negligence, false arrest, discrimination, and an intentional tort.  He is seeking

16   monetary damages.

17      Although Plaintiff was previously advised that his conclusory allegations were

18   insufficient to state a cognizable claim in this action and provided with the legal standards that

19   apply to his claims, Plaintiff's first amended complaint contains only conclusory allegations of

20   misconduct devoid of factual allegations to state a claim in this matter.  Plaintiff alleges that

21   Defendants conspired to coerce him to take an extreme plea deal to discourage Plaintiff from

22   going to trial.  He alleges that they used exclusion of exculpatory material evidence, fabrication

23   of evidence and perjured testimony to yield false information and with malice coerce Plaintiff

24   into incarceration for a prolonged period of time.  Plaintiff alleges that the defendants ceaselessly

25   advocated for a wrongful conviction and through fraud deprived Plaintiff of his life and liberty.

26   (Compl. 5,[1] ECF No. 1.)

27

28   [1] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

1    Plaintiff alleges that Defendants exposed him to cruel and unusual punishment by

2  pursuing an unfounded prosecution when they knew or should have known that Plaintiff was

3  innocent, withheld exculpatory evidence that included witness statements, body cam footage, and

4  testimony of favorable testimony (that arresting officers Holt and Dominguez expressed doubt

5  and went as far as denying that Plaintiff was the person of interest) but to secure an arrest the

6  defendants conspired to falsely arrest and charge Plaintiff with a number of crimes that he was

7  acquitted of following a jury trial.  (Id. at 6.)

8    In his cause of action for an intentional tort, Plaintiff alleges that on April 10, 2019, in

9  Tulare County, Defendants conspired with deception and fraud to fabricate evidence, withhold

10 exculpatory evidence, and secure a false conviction against Plaintiff.  Through social media,

11 Defendants attempted to defame Plaintiff by engaging in a vigorous campaign against Plaintiff

12 thought Facebook, snap chat, newspaper articles, and caused injury to Plaintiff by falsely

13 accusing and publishing negative propaganda which was proven false, by withholding evidence

14 and fabricating police reports to pursue an arrest and conviction.  (Id. at 7.)

15    As Plaintiff was advised in the prior screening order his conclusory allegations of

16 misconduct and threadbare recitals of elements of the causes of action are not entitled to the

17 presumption of truth.  Iqbal, 556 U.S. at 678.  "[A] complaint [that] pleads facts that are 'merely

18 consistent with' a defendant's liability . . . 'stops short of the line between possibility and

19 plausibility of entitlement to relief.'"  Id. (quoting Twombly, 550 U.S. at 557).  Therefore, the

20 complaint must contain sufficient factual content for the court to draw the reasonable conclusion

21 that the defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678.  Plaintiff's

22 amended complaint is devoid of any factual allegations that would state a cognizable claim in

23 this action.

24    Based on the original complaint, the basis of Plaintiff's complaint is that the officers who

25 arrested him expressed some doubt about the crime for which he was being arrested and that

26 discussion was "clipped" from the body cam footage.  However Plaintiff contrarily alleged that

27 the video containing the "clipped" footage which showed that the officers were not one hundred

28 percent certain was shown at trial.  Further, as the Court found in the prior screening order, the

4

1  jury convicted Plaintiff on some of the charges brought against him.  (Screening Order Granting

2  Pl. Leave to File Am. Compl., ECF No. 7.)

3          Notably, Plaintiff alleged that due to the allegations in the report he believed he
           would be incarcerated for an additional twenty years.  (Compl. at 4.)  The
4          prosecutor presented the "clipped" video footage which showed that Defendants
           Holt and Dominguez were not 100 percent certain that it was Plaintiff who had
5          committed the crimes in the hope that he would be given twenty seven years of
           incarceration.  (Id. at 9.)  Plaintiff is currently in custody after the jury returned a
6          guilty verdict on some of the charges during the trial.[2]

7  (Id. at 4.)

8          **A.      Section 1983**

9          Section 1983 provides a cause of action for the violation of a plaintiff's constitutional or

10 other federal rights by persons acting under color of state law.  Nurre v. Whitehead, 580 F.3d

11 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006);

12 Jones, 297 F.3d at 934.  There is no *respondeat superior* liability under section 1983, and

13 therefore, each defendant is only liable for his or her own misconduct.  Iqbal, 556 U.S. at 677.

14 To state a claim under section 1983, Plaintiff must demonstrate that each defendant personally

15 participated in the deprivation of his rights.  Id.; Simmons v. Navajo County, Ariz., 609 F.3d

16 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009);

17 Jones, 297 F.3d at 934.

18         Plaintiff's amended complaint fails to contain any factual allegations to link any named

19 defendant to an act or failure to act that would violate Plaintiff's federal rights.  For this reason,

20 and the reasons discussed below, Plaintiff has failed to state a cognizable claim in this action.

21         **B.      Eighth Amendment**

22         Plaintiff alleges that his rights under the Eighth Amendment were violated by being

23 prosecuted in the underlying state court criminal action.  The Eighth Amendment's prohibition

24 against cruel and unusual punishment protects convicted prisoners.  Bell v. Wolfish, 441 U.S.

25 520, 535 (1979); Graham v. Connor, 490 U.S. 386, 395 n.10 (1989).  To maintain an Eighth

26 ───────────
[2] The Court takes judicial notice of records of the Tulare County Superior Court, People v. Ernie Hernandez III,
27 Case No. PCF373627 (filed April 17, 2019).  Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th
Cir. 2006); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).  On October 7, 2019, the jury returned a
28 guilty verdict for violation of Vehicle Code section 2800.2(a) and three counts of violation of Penal Code section
1320(b).

5

1    Amendment claim, a prisoner must show that prison officials were deliberately indifferent to a

2    substantial risk of harm to his health or safety.  See e.g., Farmer v. Brennan, 511 U.S. 825, 847

3    (1994); Thomas v. Ponder, 611 F.3d 1144, 1150-51 (9th Cir. 2010); Foster v. Runnels, 554 F.3d

4    807, 812-14 (9th Cir. 2009); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).  In order to

5    state a claim, the plaintiff must allege facts sufficient to support a claim that prison officials

6    knew of and disregarded a substantial risk of serious harm to the plaintiff.  Farmer, 511 U.S. at

7    847; Frost, 152 F.3d at 1128.

8         Plaintiff's claims regarding the allegedly wrongful prosecution of criminal charges do not

9    arise under the Eighth Amendment.

10        **C.    Fourth Amendment**

11        To the extent that Plaintiff is continuing to attempt to bring a claim for wrongful and false

12   imprisonment and arrest under section 1983, he has failed to state a claim.   The Fourth

13   Amendment provides that 'the right of the people to be secure in their persons, houses, papers,

14   and effects, against unreasonable searches and seizures, shall not be violated.   U.S. Const.

15   amend. IV.  "[T]he Fourth Amendment is enforceable against the States through the Fourteenth

16   Amendment."   Camara v. Mun. Court of City & Cty. of San Francisco, 387 U.S. 523, 528

17   (1967).  "To establish a viable Fourth Amendment claim, a plaintiff must show not only that

18   there was a search and seizure as contemplated by the Fourth Amendment, but also that said

19   search and seizure was unreasonable and conducted without consent."   Rakas v. Illinois, 439

20   U.S. 128, 143 (1978); United States v. Rubio, 727 F.2d 786, 796–97 (9th Cir. 1983).

21        Under the Fourth Amendment, a law enforcement officer can make an arrest without a

22   warrant where there is probable cause.  United States v. Lopez, 482 F.3d 1067, 1072 (9th Cir.

23   2007).  "Probable cause to arrest exists when officers have knowledge or reasonably trustworthy

24   information sufficient to lead a person of reasonable caution to believe that an offense has been

25   or is being committed by the person being arrested."   Rodis v. City, Cty. of San Francisco, 558

26   F.3d 964, 969 (9th Cir. 2009) (citing Lopez, 482 F.3d at 1072 and Beck v. Ohio, 379 U.S. 89, 91

27   (1964)).  The Ninth Circuit has defined probable cause as "under the totality of circumstances

28   known to the arresting officers, a prudent person would have concluded that there was a fair

1   probability that [the defendant] had committed a crime." Lopez, 482 F.3d at 1072 (quoting

2   United States v. Smith, 790 F.2d 789, 792 (9th Cir. 1986)). "The probable-cause standard is

3   incapable of precise definition or quantification into percentages because it deals with

4   probabilities and depends on the totality of the circumstances." Rodis, 558 F.3d at 969 (quoting

5   Maryland v. Pringle, 540 U.S. 366, 371 (2003)). "[P]robable cause is a fluid concept-turning on

6   the assessment of probabilities in particular factual contexts-not readily, or even usefully,

7   reduced to a neat set of legal rules." Rodis, 558 F.3d at 969 (quoting Illinois v. Gates, 462 U.S.

8   213, 232 (1983)).

9        Further, the subjective intent of the arresting officers is immaterial in judging whether

10  their actions were reasonable for Fourth Amendment purposes. Lopez, 482 F.3d at 1072. The

11  officer's "subjective reason for making the arrest need not be the criminal offense as to which the

12  known facts provide probable cause." Id. (quoting Devenpeck v. Alford, 543 U.S. 146, 153

13  (2004)). In some cases, there may be probable cause that would justify an arrest, but additional

14  information obtained at the scene could indicate that there is less than a fair probability that the

15  defendant has committed or is committing a crime. Lopez, 482 F.3d at 1073.

16       Plaintiff's allegation that Defendants Holt and Dominguez expressed some doubt that he

17  was the person of interest is insufficient to state a claim. Plaintiff alleged in the original

18  complaint that the officers arrested him pursuant to a search warrant and included no facts to

19  suggest that the warrant was not valid. (Screening Order, 7.) As Plaintiff was advised in the

20  prior screening order, officers who have conducted a search or arrest pursuant to a facially valid

21  search warrant and reasonably relied on that warrant are entitled to qualified immunity.

22  Vandenburg v. Cty. of Riverside, 722 F. App'x 657, 659 (9th Cir. 2018); see also Los Angeles

23  Cty. v. Rettele, 550 U.S. 609, 616 (2007) (The Fourth Amendment is not violated when officers

24  execute a valid warrant and act in a reasonable manner to protect themselves from harm);

25  Michigan v. Summers, 452 U.S. 692, 703–05 (1981) (Where "a judicial officer has determined

26  that police have probable cause to believe that someone in the home is committing a crime" it is

27  constitutionally reasonable to require him to open the doors of his home to allow the officers

28  inside.). Further, generally, "an officer need not have probable cause for every element of the

1  offense[;]" Lopez, 482 F.3d at 1072 (quoting Gasho v. United States, 39 F.3d 1420, 1428 (9th

2  Cir. 1994)); and the Fourth Amendment is not violated by an arrest where there is probable cause

3  to arrest for a different offense, Lopez, 482 F.3d at 1076.  Plaintiff has failed to allege any facts

4  by which the Court could reasonably infer that he was seized in violation of the Fourth

5  Amendment.

6        **D.        Due Process**

7        Plaintiff alleges that false police reports were filed, there was manufactured evidence and

8  the withholding of the body cam footage showing that the officers had doubts which was not

9  recorded in their reports.

10       "The Fourteenth Amendment's Due Process Clause protects persons against deprivations

11  of life, liberty, or property; and those who seek to invoke its procedural protection must establish

12  that one of these interests is at stake."  Wilkinson v. Austin, 545 U.S. 209, 221 (2005).  The due

13  process clause of the Fourteenth Amendment protects two distinct but related rights: procedural

14  due process and substantive due process.  Albright v. Oliver, 510 U.S. 266, 272 (1994).

15       The substantive protections of the due process clause bar certain governmental actions

16  regardless of the fairness of the procedures that are used to implement them.  Cty. of Sacramento

17  v. Lewis, 523 U.S. 833, 840 (1998).  Therefore, the substantive protections of the due process

18  clause are intended to prevent government officials from abusing their power or employing it as

19  an instrument of oppression.  Lewis, 523 U.S. at 846.  The Supreme Court has held that "the

20  substantive component of the Due Process Clause is violated by executive action only when it

21  'can properly be characterized as arbitrary, or conscience shocking, in a constitutional sense.' "

22  Id. at 847.  "[O]nly the most egregious official conduct can be said to be arbitrary in a

23  constitutional sense."  Brittain v. Hansen, 451 F.3d 982, 990 (9th Cir. 2006) (quoting Lewis, 523

24  U.S. at 846).

25       As Plaintiff was previously advised in the prior screening order, to the extent that he is

26  seeking state a federal claim on the submission of false police reports, the Due Process Clause

27  itself does not contain any language that grants a broad right to be free from false accusations,

28  but guarantees certain procedural protections to defend against false accusations.  Freeman v.

8

1   Rideout, 808 F.2d 949, 951 (2nd Cir. 1986).  Plaintiff's allegation that the police reports were

2   false fails to state a cognizable claim for violation of the Due Process Clause.

3          In order to state a cause of action for a deprivation of due process, a plaintiff must first

4   identify a life, liberty, or property interest for which the protection is sought.  Wilkinson, 545

5   U.S. at 221; Brittain, 451 F.3d at 991.  Here, Plaintiff previously alleged that he was deprived of

6   his freedom for 180 days, which is sufficient to allege a protected interest.  But as the court

7   found in the screening order, it is also apparent that Plaintiff received due process.  He was

8   changed with a criminal complaint and the charges were ultimately tried by jury and he was

9   convicted on some of the charges.  (Screening Order, 9.)  Plaintiff has failed to state a due

10  process claim based on being charged in a criminal action.

11              1.          Tampering with Evidence

12         In his first amended complaint, Plaintiff makes vague allegations of tampering with

13  evidence.   The basis of this claim appears to be his contention that the arresting officers

14  expressed some doubt about his being the "person of interest" at the time of arrest and yet he was

15  prosecuted to gain an unjust conviction.  Plaintiff also appears to be asserting that unidentified

16  exculpatory evidence was kept from him.  "[T]here is a clearly established constitutional due

17  process right not to be subjected to criminal charges on the basis of false evidence that was

18  deliberately fabricated by the government."  Devereaux v. Abbey, 263 F.3d 1070, 1074–75 (9th

19  Cir. 2001).  To state a claim for fabrication of evidence, at a minimum the plaintiff must allege

20  "at least one of the following two propositions: (1) Defendants continued their investigation of

21  [the plaintiff] despite the fact that they knew or should have known that he was innocent; or (2)

22  Defendants used investigative techniques that were so coercive and abusive that they knew or

23  should have known that those techniques would yield false information."  Devereaux, 263 F.3d

24  at 1076.

25         Here, Plaintiff makes a conclusory allegation that the defendants knew or should have

26  known that he was innocent, but there are no factual allegations in the complaint to support such

27  an inference.  Further, as Plaintiff was previously informed, under Brady v. Maryland, 373 U.S.

28  83 (1963), both prosecutors and police investigators are required to disclose exculpatory

1   evidence to criminal defendants.  To state a <u>Brady</u> claim, "the plaintiff must allege that (1) the

2   withheld evidence was favorable either because it was exculpatory or could be used to impeach,

3   (2) the evidence was suppressed by the government, and (3) the nondisclosure prejudiced the

4   plaintiff."  <u>Smith v. Almada</u>, 640 F.3d 931, 939 (9th Cir. 2011).  In addressing the prejudice

5   prong, "the Supreme Court has stated that 'strictly speaking, there is never a real '<u>Brady</u>

6   violation' unless the nondisclosure was so serious that there is a reasonable probability that the

7   suppressed evidence would have produced a different verdict.' "  <u>Smith</u>, 640 F.3d at 939

8   (quoting <u>Strickler v. Greene</u>, 527 U.S. 263, 281 (1999)).

9        Here, it is not clearly alleged what, if any, material exculpatory evidence was withheld.

10  Even assuming that Plaintiff had alleged that evidence of the officers' doubt was withheld,

11  Plaintiff has alleged that the evidence was presented at trial and the jury found Plaintiff not guilty

12  on some of the charges which appear to be the basis for Plaintiff's claims in this action.

13  Therefore, there is not a reasonably possibility that the suppressed evidence would have

14  produced a different verdict.  (<u>See</u> Screening Order, 9-10.)  Plaintiff has failed to state a <u>Brady</u>

15  claim.

16        2.        <u>Defamation</u>

17        Plaintiff also alleges a defamation claim.  To the extent that Plaintiff is seeking to bring a

18  stigma plus claim, he has failed to allege any facts to state a claim.  In <u>Paul v. Davis</u>, the

19  Supreme Court rejected the argument that the Due Process Clause protected the reputation of an

20  individual.  424 U.S. 693, 706 (1976) ("the Court has never held that the mere defamation of an

21  individual, whether by branding him disloyal or otherwise, was sufficient to invoke the

22  guarantees of procedural due process absent an accompanying loss of government

23  employment").  "Rather his interest in reputation is simply one of a number which the State may

24  protect against injury by virtue of its tort law, providing a forum for vindication of those interests

25  by means of damages actions."  <u>Paul</u>, 424 U.S at 712.  Absent a change in status, "any harm or

26  injury to that interest . . . inflicted by an officer of the State, does not result in a deprivation of

27  any 'liberty' or 'property' recognized by state or federal law."  <u>Id.</u>

28        "[T]here is no constitutional protection for the interest in reputation."  <u>WMX Techs., Inc.</u>

1   v. Miller, 197 F.3d 367, 373 (9th Cir. 1999).  To state a claim under § 1983, the plaintiff "must

2   show that the stigma was accompanied by some additional deprivation of liberty or property."

3   Miller v. California, 355 F.3d 1172, 1178 (9th Cir. 2004).  Courts refer to this as the "stigma-

4   plus" test.  Under the "stigma-plus" test, Plaintiffs must allege a loss of a recognizable property

5   or liberty interest in conjunction with the allegation that they suffered injury to reputation.

6   Miller, 355 F.3d at 1179; Cooper v. Dupnik, 924 F.2d 1520, 1532 (9th Cir. 1991), rev'd on other

7   grounds, 963 F.2d 1220, 1235 n.6 (9th Cir. 1992)).  Additionally, the "stigma-plus" test requires

8   that the defamation be accompanied by an injury directly caused by the state, rather than an

9   injury caused by the act of some third party in reaction to the State's defamatory statements.

10  Mazzeo v. Gibbons, 649 F.Supp.2d 1182, 1197 (D. Nev. 2009); Douglas v. Oregonian Pub. Co.,

11  465 F. App'x 714, 715 (9th Cir. 2012) (unpublished); Ooley v. Citrus Heights Police Dep't, 603

12  F. App'x 628, 629 (9th Cir. 2015) (unpublished).  Under the test, a plaintiff must either show that

13  "injury to reputation was inflicted in connection with a federally protected right" or that "injury

14  to reputation caused the denial of a federally protected right."  Herb Hallman Chevrolet, Inc. v.

15  Nash–Holmes, 169 F.3d 636, 645 (9th Cir. 1999).

16      "In order to state a due process claim, [the plaintiff] must allege that the defendants'

17  statements were substantially false."  Campanelli v. Bockrath, 100 F.3d 1476, 1484 (9th Cir.

18  1996).  Here, Plaintiff alleges injury to reputation but he fails to identify any false statements

19  made by the named defendants.  While Plaintiff alleges that Defendants published false

20  statements, Plaintiff has failed to identify any false statement that was made to the public by any

21  named defendant or to link the named defendants to any of the alleged publications by social

22  media or otherwise.  Plaintiff has failed to state a plausible claim for defamation in violation of

23  the Fourteenth Amendment.

24      **E.    Conspiracy**

25      Plaintiff's conclusory allegations of a conspiracy are insufficient to state a claim.  In the

26  context of conspiracy claims brought pursuant to section 1983, a complaint must "allege [some]

27  facts to support the existence of a conspiracy among the defendants."  Buckey v. County of Los

28  Angeles, 968 F.2d 791, 794 (9th Cir. 1992); Karim-Panahi v. Los Angeles Police Department,

1  839 F.2d 621, 626 (9th Cir. 1988).  Plaintiff must allege that defendants conspired or acted

2  jointly in concert and that some overt act was done in furtherance of the conspiracy.  Sykes v.

3  California, 497 F.2d 197, 200 (9th Cir. 1974).

4       A conspiracy claim brought under section 1983 requires proof of "an agreement or

5  meeting of the minds to violate constitutional rights," Franklin v. Fox, 312 F.3d 423, 441 (9th

6  Cir. 2001) (quoting United Steel Workers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1540-

7  41 (9th Cir. 1989) (citation omitted)), and an actual deprivation of constitutional right, Hart v.

8  Parks, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting Woodrum v. Woodward County, Oklahoma,

9  866 F.2d 1121, 1126 (9th Cir. 1989)).  "To be liable, each participant in the conspiracy need not

10  know the exact details of the plan, but each participant must at least share the common objective

11  of the conspiracy." Franklin, 312 F.3d at 441 (quoting United Steel Workers, 865 F.2d at 1541).

12       Plaintiff has not alleged any facts supporting the existence of a conspiracy between

13  Defendants.  While Plaintiff alleges that the defendants acted together to gain a conviction, this

14  is insufficient for the Court to infer there was a meeting of the minds to violate Plaintiff's

15  constitutional rights.  Rather, as the Court previously found, Defendants Holt and Dominguez

16  were assisting in executing an arrest warrant that had issued for Plaintiff.  (Screening Order 12.)

17  Although Plaintiff was acquitted at trial on some charges, the jury returned a guilty verdict on

18  other of the charges.  Further, in order to state a cognizable claim for relief for conspiracy,

19  Plaintiff must establish that Defendants conspired to violate an underlying constitutional right.

20  Plaintiff has not alleged facts demonstrating that Defendants violated his constitutional rights.

21       **F.    Prosecutorial Immunity**

22       Plaintiff brings this action against Defendant Alvarez who instituted and prosecuted the

23  charges against him in state court.  Prosecutors are absolutely immune from liability under 42

24  U.S.C. § 1983 for in initiating a prosecution and in presenting the State's case.  See Imbler v.

25  Pactman, 424 U.S. 409, 431 (1976); see also Olsen v. Idaho State Bd. of Med., 363 F.3d 916,

26  922 (9th Cir. 2004) ("Absolute immunity is generally accorded to judges and prosecutors

27  functioning in their official capacities"); Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986)

28  (holding that judges and prosecutors are immune from liability for damages under section 1983).

1   Where a prosecutor acts within her authority " 'in initiating a prosecution and in presenting the

2   state's case,' absolute immunity applies."   Ashelman, 793 F.2d at 1076 (quoting Imbler, 424

3   U.S. at 431); Botello v. Gammick, 413 F.3d 971, 975 (9th Cir. 2005) ("Prosecutors are

4   absolutely immune from liability under § 1983 for their conduct insofar as it is 'intimately

5   associated' with the judicial phase of the criminal process.")

6          The substance of Plaintiff's claims against Defendant Alvarez is that in prosecuting him

7   she attempted to make him serve a longer sentence.  But it is clear from the original complaint,

8   that Defendant Alvarez acted within her authority in prosecuting and taking the criminal case to

9   trial and, while Plaintiff was acquitted of some of the charges at trial, the jury returned a guilty

10  verdict on other charges.  Defendant Alvarez is entitled to prosecutorial immunity for her actions

11  in prosecuting the state criminal action against Plaintiff.

12          **G.      Plaintiff's Challenge to his Conviction is Barred by Heck**

13         It is unclear from Plaintiff's amended complaint if his argument that he was innocent is

14  directed to those claims for which the jury returned a guilty verdict.  To the extent that Plaintiff

15  is attempting to challenge his conviction in this section 1983 action he cannot do so.  State

16  prisoners cannot challenge the fact or duration of their confinement in a section 1983 action and

17  their sole remedy lies in habeas corpus relief.  Wilkinson v. Dotson, 544 U.S. 74, 78 (2005).

18  Often referred to as the favorable termination rule, this exception to § 1983's otherwise broad

19  scope applies whenever state prisoners "seek to invalidate the duration of their confinement -

20  either directly through an injunction compelling speedier release or indirectly through a judicial

21  determination that necessarily implies the unlawfulness of the State's custody."  Wilkinson, 544

22  U.S. at 81 (emphasis added).  Thus, "a state prisoner's § 1983 action is barred (absent prior

23  invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of

24  the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - if success

25  in that action would necessarily demonstrate the invalidity of confinement or its duration."  Id. at

26  81-82.

27         When seeking damages for an allegedly unconstitutional conviction or imprisonment, "a

28  § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal,

13

1   expunged by executive order, declared invalid by a state tribunal authorized to make such

2   determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28

3   U.S.C. § 2254." Heck v. Humphrey, 512 U.S. 477, 487-88 (1994). "A claim for damages

4   bearing that relationship to a conviction or sentence that has not been so invalidated is not

5   cognizable under § 1983." Heck, 512 U.S. at 488.

6        Plaintiff has not alleged that his criminal conviction has been invalidated and it appears

7   that he is currently in custody serving a sentence on the conviction.  To the extent Plaintiff is

8   attempting to challenge the fact or duration of his confinement based on being found guilty in the

9   state criminal trial, or is seeking damages for such, such claims are not cognizable in a section

10  1983 action and must be brought by a writ of habeas corpus.

11       **H.      State Law Claims**

12       Plaintiff appears to be attempting to allege claims based upon violations of California

13  law.  The California Government Claims Act requires that a tort claim against a public entity or

14  its employees be presented to the California Victim Compensation and Government Claims

15  Board no more than six months after the cause of action accrues.  Cal. Gov't Code §§ 905.2, 910,

16  911.2, 945.4, 950-950.2.  Presentation of a written claim, and action on or rejection of the claim

17  are conditions precedent to suit.  State v. Superior Court of Kings County (Bodde), 32 Cal.4th

18  1234, 1239 (Cal. 2004); Shirk v. Vista Unified School District, 42 Cal.4th 201, 209 (2007).  To

19  state a tort claim against a public employee, a plaintiff must allege compliance with the

20  California Tort Claims Act.  Cal. Gov't Code § 950.6; Bodde, 32 Cal.4th at 1244.  "[F]ailure to

21  allege facts demonstrating or excusing compliance with the requirement subjects a compliant to

22  general demurrer for failure to state a cause of action."  Id. at 1239.

23       Here, Plaintiff has not included any allegations that he complied with the California Tort

24  Claims Act which is fatal to his state law claims.  Plaintiff has failed to state a claim under

25  California law.

26  / / /

27  / / /

28  / / /

14

**III.**

**CONCLUSION AND RECOMMENDATION**

For the reasons discussed, Plaintiff has failed to state a cognizable claim in this action for a violation of his federal rights or any violation of California law.  Plaintiff was previously notified of the applicable legal standards and the deficiencies in his pleading, and despite guidance from the Court, Plaintiff's first amended complaint failed to correct the deficiencies in the original complaint.  In fact, Plaintiff's first amended complaint was devoid of any factual allegations and did not even attempt to link the individual named defendants to any act or omission that would violate Plaintiff's federal rights.

Based upon the allegations in Plaintiff's original and first amended complaint, the Court is persuaded that Plaintiff is unable to allege any additional facts that would support a claim under section 1983, and further amendment would be futile.  See Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile.")  Based on the nature of the deficiencies at issue, the Court finds that further leave to amend is not warranted.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th. Cir. 2000); Noll v. Carlson, 809 F.2d 1446-1449 (9th Cir. 1987).

Based on the foregoing, it is HEREBY RECOMMENDED that:

1.    Plaintiff's first amended complaint, filed February 26, 2021, be dismissed without leave to amend for failure to state a claim; and

2.    This action be dismissed for Plaintiff's failure to state a claim.

This findings and recommendations is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within **thirty (30) days** of service of this recommendation, Plaintiff may file written objections to this findings and recommendations with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing

1    Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

2

3    IT IS SO ORDERED.

4    Dated:    **March 3, 2021**

     UNITED STATES MAGISTRATE JUDGE

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28